UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
LUIS RIASCOS VALENCIA,              :
                                    :
     Petitioner,                   :   Civ. No. 13-917 (NLH)
                                    :
  v.                                :   OPINION
                                    :
WARDEN JORDAN HOLLINGSWORTH,        :
                                    :
     Respondent.                   :
_____ :

APPEARANCES:
Luis Riascos Valencia, # 408656-18
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Luis Riascos Valencia is a federal inmate confined at FCI Fort Dix in Fort Dix, New Jersey.  He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1).  For the reasons set forth below, the court

---

[1] Section 2241 states in relevant part:
  (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions ...
  (c) The writ of habeas corpus shall not extend to a prisoner unless—
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof, or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process,

lacks jurisdiction over the instant habeas petition and this matter will be dismissed.

## I.   BACKGROUND

Petitioner was seized while on board a vessel at sea and found to be in violation of the Maritime Drug Law Enforcement Act, ("MDLEA") 46 U.S.C. § 70501, et seq.  In January, 2003, Petitioner was indicted by a federal grand jury in the Middle District of Florida on two charges: (1) conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and (2) possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States; in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. § 1903(a), (g) and (j), the MDLEA [now at 46 U.S.C. §§ 70503(a), 70506(a),(b)].

At the conclusion of a jury trial conducted from July 14-23, 2003, Petitioner was found guilty of both counts of the indictment.  The United States District Court for the Middle District of Florida sentenced Petitioner to 235 months' imprisonment.  On appeal, Petitioner's convictions and sentence

---

judgment or decree of a court or judge of the United States, or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States.

were affirmed by United States Court of Appeals for the Eleventh Circuit.

In 2007 Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  That motion was denied in June, 2009.  In August, 2012, Petitioner filed a motion pursuant to FED. R. CIV. P. 60(b)(4) in the sentencing court.  The motion was dismissed as an unauthorized successive motion to vacate under § 2255.

Petitioner then filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241.  In his Petition, he asserts that "Congress does not have power under the offence clause to apply Drug Trafficking Law to conduct in the Territorial waters of another State." (Pet. 16, ECF No. 1).  Petitioner relies on the recent decision of the Eleventh Circuit Court of Appeals in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012) in support of his Petition.  In essence, Petitioner argues that the Middle District of Florida lacked jurisdiction to impose a sentence and he requests that this Court vacate his conviction.

Respondent contends that Petitioner's reliance on Bellaizac-Hurtado is misplaced.  Specifically, Respondent asserts that the holding in Bellaizac-Hurtado does not apply to a vessel in international waters.  Respondent further contends that Petitioner's vessel was stopped in international waters and

Respondent relies on determinations made by the United States District Court for the Middle District of Florida during Petitioner's prosecution in support of this contention.  (Resp. 10, ECF No. 5).  Thus, Respondent states that Bellaizac-Hurtado is inapplicable to the facts of this case and Respondent concludes that Petitioner's claims fail and that the Petition must be dismissed for lack of jurisdiction.

In his Traverse (ECF No. 7), Petitioner argues that his vessel was stopped in the territorial waters of Panama.  He asserts, without support, that the Panamanian Government gave permission to United States authorities to board the vessel by issuing a Statement of No Objection ("SNO").  Finally, Petitioner states that his allegation that his vessel was in the territorial waters of Panama is supported by the fact that Panamanian officials had custody of Petitioner's personal belongings.  Petitioner states that the United States had to request return of this property from Panamanian officials and Petitioner attaches documentation which he believes supports this assertion.

## II. DISCUSSION

### A. STANDARD FOR SUA SPONTE DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding pro se, his petition is held to less stringent standards than those pleadings drafted by lawyers. See Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" Lonchar v. Thomas, 517 U.S. 314, 320 (1996).

B. JURISDICTION

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255 in the court which sentenced petitioner. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241

unless the remedy under § 2255 is "inadequate or ineffective." See 28 U.S.C. § 2255(e). Section 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A section 2255 motion is "inadequate or ineffective" which permits a petitioner to resort to a section 2241 petition "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam) (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539 (citing In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to

challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.  Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. See id.  The "safety valve," as stated in Dorsainvil, is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

    In Bellaizac-Hurtado, 700 F.3d 1245, the Eleventh Circuit vacated defendants' convictions under the MDLEA on direct appeal on the ground that Congress lacked power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation.  In this case, Petitioner argues that, because his vessel was in the territorial waters of another nation, his conviction should be vacated pursuant to Bellaizac-Hurtado.  However, Respondent correctly contends that Petitioner was convicted of drug trafficking in international waters, not in the territorial waters of another nation.[2]

---

[2] The United States recognizes a territorial sea of 12 nautical miles. See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n. 8, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989) ("On December 28, 1988, the President announced that the United

In his submissions, Petitioner asserts that his vessel was in the territorial waters of Panama.  However, Petitioner provides no evidence in support of this claim.[3]  Respondent, on the other hand, cites to numerous points in the record — including the Presentence Investigation Report, findings made by the district court, and statements made in Petitioner's own filings — which indicate that Petitioner's vessel was located a minimum of 200, and as much as 700, miles from land. (Resp. 6-7, 14, ECF No. 5).  Indeed, Petitioner acknowledged, without objection, in his Rule 60(b) Motion that the vessel "was said to be 300 and twenty five nautical miles southwest of Nicaragua." (Resp't's Ex. 6, Motion for Relief at 4, ECF No. 5-7).

Because the record shows that Petitioner's vessel was more than 200 miles off the coast of Central South America, it is

---

States would henceforth recognize a territorial sea of 12 nautical miles"); 1982 United Nations Convention on the Law of the Sea, Dec. 10, 1982, 1833 U.N.T.S. 3, art. 3 (entered into force Nov. 16, 1994) (Territorial waters are the coastal waters extending seaward at most for four leagues or twelve nautical miles from the baseline of a nation, and the high seas is the entire body of waters stretching seaward of the nation's territorial waters).

[3] Petitioner is mistaken in his belief that his personal belongings were in the possession of Panamanian officials.  The exhibits which Petitioner attaches to his Traverse document a custody transfer of evidence from the United States Coast Guard to an official at the United States Embassy in Panama. (Pet'r's Traverse 5-6, ECF No. 7).  There is no evidence to suggest that any request was made to a Panamanian official or that Panamanian officials ever had custody of evidence or Petitioner's belongings.

clear that Petitioner was apprehended in international waters lying beyond the recognized 12 mile territorial limit. See Argentine Republic, 488 U.S. 428.  Thus, the holding of Bellaizac-Hurtado does not make Petitioner's conduct noncriminal nor does it divest the sentencing court of jurisdiction. Accordingly, § 2255 is not an inadequate or ineffective remedy for Petitioner's claim and he fails to show that he falls within the "safety valve" which would give this Court jurisdiction over his Petition.

Likewise, several courts have dismissed habeas petitions where petitioners have relied on Bellaizac-Hurtado, but were apprehended in international waters, as opposed to territorial waters. See Arroyo v. Hollingsworth, No. 12-7889 NLH, 2013 WL 5816917, at *3 (D.N.J. Oct. 29, 2013) (dismissing § 2241 petition raising Bellaizac-Hurtado claim where vessel was 27 miles out to sea); Castillo v. Hollingsworth, No. 12-7831 (JBS), 2013 WL 1288196, at *2 (D.N.J. Mar. 26, 2013) (dismissing § 2241 petition where petitioner was apprehended fifty miles off of the coast of Panama because § 2255 is not an inadequate or ineffective remedy for petitioner's claim) (citing Ortiz-Dominguez v. Hollingsworth, No. 13-0025, 2013 WL 163284 (D.N.J. Jan. 11, 2013) (dismissing § 2241 petition raising Bellaizac-Hurtado claim where vessel was 34 miles off coast of Guatemala); Paredes v. Hollingsorth, No. 13-0531, 2013 WL 435969 (D.N.J.

Feb. 4, 2013) (160 miles off coast of Columbia); <u>Pandales v. Hollingsworth</u>, No. 13-0841, 2013 WL 618204 (D.N.J. Feb. 19, 2013) (80 miles off coast of Guatemala)).

    Finally, while the precise contours of Petitioner's argument regarding the Statement of No Objection ("SNO") allegedly issued by the Panamanian Government are unclear, it is evident that this theory does not support his claim.  With respect to this argument, Petitioner contends, without support, that the Panamanian Government gave permission to United States authorities to board the vessel by issuing an SNO.  Petitioner asserts that the SNO confirms that the United States did not have jurisdiction and, presumably, Petitioner believes it supports his contention that the vessel was in the territorial waters of Panama.  However, Petitioner does not submit any evidence to suggest that such an SNO was issued.  Furthermore, Petitioner raised a similar argument in his Rule 60(b) motion before the sentencing court in 2012. (Resp't's Ex. 6, Motion for Relief, ECF No. 5-7).  That argument was dismissed by the district court as an unauthorized successive and successive motion under § 2255.  This renewed argument does not fall within the "safety valve" which would give this Court jurisdiction over the Petition.

III. CONCLUSION

For the reasons set forth above, Petition will be dismissed for lack of jurisdiction.

An appropriate Order will be entered.

                                                                ____s/ Noel L. Hillman____
                                                                NOEL L. HILLMAN
                                                                United States District Judge

Dated: June 11, 2015
At Camden, New Jersey